# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DIGITAL ALTITUDE LLC, ET AL.,<br><br>Defendants. | No. 2:18-CV-00729 JAK (MRWx)<br><br>**ORDER RE STIPULATED PRELIMINARY INJUNCTION AGAINST DEFENDANT SEAN BROWN** |

This matter comes before the court upon the stipulation of Plaintiff, the Federal Trade Commission ("FTC"), and Defendant Sean Brown ("Brown") for the entry of a Preliminary Injunction against Brown.

On January 29, 2018, Plaintiff, the Federal Trade Commission, filed its Complaint for a Permanent Injunction And Other Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) (Dk. 1). Pursuant to Fed. R. Civ. P. 65(b), the FTC also filed an ex parte application for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Digital Altitude LLC, Digital Altitude Limited, Aspire Processing LLC, Aspire Processing Limited, Aspire Ventures Ltd, Disc Enterprises Inc., RISE Systems & Enterprise LLC (Utah), RISE Systems & Enterprise LLC (Nevada), Soar International Limited

1

Liability Company, The Upside, LLC, Thermography for Life, LLC, d/b/a Living Exceptionally, Inc., Michael Force, Mary Dee, Morgan Johnson, Alan Moore, and Sean Brown (collectively, "Defendants). Dkt. 5.

The Court granted the application, issuing a temporary restraining order ("TRO") on February 1, 2018, including an asset freeze, appointment of a receiver, immediate access to Defendants' business premises, and other temporary relief. Dkt. 34. The TRO also ordered Defendants to appear on February 15, 2018 and show cause why a preliminary injunction should not issue against them. The parties stipulated to a continuance of the show cause hearing and the court granted that request, extending the TRO and continuing the hearing to March 5, 2018. Dkt. 61. Prior to the hearing, the FTC and Defendant Sean Brown agreed to the entry of a preliminary injunction for the duration of this litigation. The terms of the stipulated preliminary injunction are set out below.

## FINDINGS

A. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B. In order to avoid litigation and as part of a process to settle the action between the FTC and Defendant Brown, the FTC and Defendant Brown have agreed to the entry of this Order.

C. The FTC and Defendant Brown have agreed that there is a need for: (a) maintaining the freeze over Defendant Sean Brown's assets; and (b) the ancillary relief ordered below. *See, e.g.*, *FTC v. World Wide Factors, Ltd.*, 882 F.2d 344, 347 (9th Cir. 1989) (the Court "need only . . . find some chance of probable success on the merits" in order to award preliminary relief); *see also FTC v. Am. Nat'l Cellular, Inc.*, 810 F.2d 1511, 1512-14 (9th Cir. 1987) (upholding preliminary injunction including asset freeze and appointment of a receiver). An asset freeze is appropriate equitable relief permitted by the FTC Act and the inherent equitable

powers of the Court. *See FTC v. H.N. Singer, Inc.*, 668 F.2d 1107, 1112-13 (9th Cir. 1982) (Section 13(b) of the FTC Act "provides a basis" for a preliminary injunction "freezing assets").

    D.    Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze and other equitable relief is in the public interest.

    E.    This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

    F.    The FTC is an independent agency of the United States and no security is required of any agency of the United States for the issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

    A.    "**Corporate Defendants**" means Digital Altitude LLC; Digital Altitude Limited; Aspire Processing LLC; Aspire Processing Limited; Aspire Ventures Ltd; Disc Enterprises Inc.; RISE Systems & Enterprise LLC (Utah); RISE Systems & Enterprise LLC (Nevada); Soar International Limited Liability Company; The Upside, LLC; Thermography for Life, LLC, d/b/a Living Exceptionally, Inc., and each of their subsidiaries, affiliates, successors, and assigns.

    B.    "**Defendant(s)**" means Corporate Defendants, Michael Force, Mary Dee, Morgan Johnson, Alan Moore, and Sean Brown, individually, collectively, or in any combination.

    C.    "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages,

websites, electronic correspondence, including e-mail, chats, and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone or videoconference logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

D. "**Individual Defendant(s)**" means Michael Force, Mary Dee, Morgan Johnson, Alan Moore, and Sean Brown, individually, collectively, or in any combination.

E. "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

F. "**Receiver**" means the receiver appointed in this action and any deputy receivers that shall be named by the receiver.

G. "**Receivership Entities**" means Corporate Defendants as well as any other entity that has conducted any business related to Defendants' marketing and sale of purported money-making opportunities to consumers, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

## ORDER

**I.    PROHIBITED BUSINESS ACTIVITIES**

**IT IS THEREFORE ORDERED** that Defendant Sean Brown, his officers, agents, employees, and attorneys, and all other Persons in active concert or

participation with him, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are **preliminarily restrained and enjoined** from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

    A.    Consumers who purchase Defendants' purported money-making opportunities will earn or are likely to earn substantial income;

    B.    Consumers who purchase Defendants' purported money-making opportunities will receive business coaching that will provide what the consumers need to build a successful online business; and

    C.    Any other fact material to consumers concerning any good or service, such as: the total costs; any refund policy; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

**II.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION**

    **IT IS FURTHER ORDERED** that Defendant Sean Brown, his officers, agents, employees, and attorneys, and all other Persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, are hereby **preliminarily restrained and enjoined** from:

    A.    Selling, renting, leasing, transferring, or otherwise disclosing, the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any Person that any Defendant obtained in connection with any activity that pertains to the subject matter of this Order; and

    B.    Benefitting from or using the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, or other financial or identifying information of any Person that any

Defendant obtained in connection with any activity that pertains to the subject matter of this Order.

Provided, however, that Brown may disclose such identifying information to a law enforcement agency, to his attorneys as required for his defense, as required by any law, regulation, or court order, or in any filings, pleadings or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

### III. ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendant Sean Brown and his representatives, officers, agents, employees, and attorneys, and all other Persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, are hereby **preliminarily restrained and enjoined** from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, conveying, gifting, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

    1) owned or controlled, directly or indirectly, by any Defendant;
    2) held, in whole or in part, for the benefit of any Defendant;
    3) in the actual or constructive possession of any Defendant; or
    4) owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Defendant.

B. Opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

1   C. Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of any Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

  D. Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

  The Assets affected by this Section shall include Assets: (1) existing as of the date the Temporary Restraining Order was entered; and (2) obtained by Defendant Sean Brown following entry of the Temporary Restraining Order, if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

  The four (4) accounts held by JPMorgan Chase Bank, N.A. in the name of Nuera Solar, Inc., and bearing account numbers ending in 9655, 5395, 8696, and 9656 are specifically excluded from this Order. This Court previously unfroze those accounts on February 16, 2018 (*see* Dkt. 63) and they shall remain unfrozen until further order of the court.

**IV. DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES**

  **IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or Person who receives actual notice of this Order (by service or otherwise) and that has held, controlled, or maintained custody, through an account or otherwise, of (a) any Document on behalf of

Defendant Sean Brown or any Asset that has been owned or controlled, directly or indirectly, by Brown; held, in part or in whole, for the benefit of Brown; in the actual or constructive possession of Brown; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by Brown; or (b) any Document or Asset associated with credits, debits or charges made on behalf of Brown, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities, shall:

    A.    Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court;

    B.    Deny any Person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

    C.    If they have not done so already in compliance with the TRO previously issued in this matter (Dkt. 34), provide Plaintiff's counsel and the Receiver, within three (3) business days of receiving a copy of this Order, a sworn statement setting forth:

        1)    The identification number of each such account or Asset;

        2)    The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the

|   |   | name of the Person or entity to whom such account or other |
|---|---|---|

        name of the Person or entity to whom such account or other Asset was remitted; and

    3)  The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

  D.  If they have not done so already in compliance with the TRO previously issued in this matter (Dkt. 34), upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to such account or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities

  Provided, however, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

  JPMorgan Chase Bank, N.A. shall take no action against the accounts it holds in the name of Nuera Solar, Inc., and bearing account numbers ending in 9655, 5395, 8696, and 9656, which are specifically excluded from this Order. This Court previously unfroze those accounts on February 16, 2018 (see Exhibit A hereto) and they shall remain unfrozen until further order of the court.

**V.  FINANCIAL DISCLOSURES**

  **IT IS FURTHER ORDERED** that, if he has not done so already in compliance with the TRO previously issued in this matter (Dkt. 34), within five (5) calendar days of the issuance of this Order, Defendant Brown shall prepare and deliver to Plaintiff's counsel and the Receiver:

1  A. Completed financial statements on the form attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for Brown and **Attachment B** (Financial Statement of Corporate Defendant) for each business entity under which Brown conducts business or of which Brown is an officer, and for each trust for which Brown is a trustee; and

## VI. REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS

**IT IS FURTHER ORDERED** that, if he has not done so already in compliance with the TRO previously issued in this matter (Dkt. 34), within five (5) days following the issuance of this Order, Defendant Sean Brown shall:

A. Provide Plaintiff's counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are: (1) titled in the name, individually or jointly, of Defendant Brown; (2) held by any Person or entity for the benefit of Defendant Brown or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B. Take all steps necessary to provide Plaintiff's counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America.

C. Transfer to the territory of the United States and all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of Brown; (2) held by any Person or entity for the benefit of Brown or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by Brown; or (3) under the direct or indirect control, whether jointly or singly, of Brown; and

D. The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the financial institution or other

entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VII. NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendant Sean Brown, his officers, agents, employees, and attorneys, and all other Persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, are hereby **preliminarily restrained and enjoined** from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A. Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Brown's Assets have been fully repatriated pursuant to this Order; or

B. Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that Brown's Assets have been fully repatriated pursuant to this Order.

## VIII. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning Defendant Sean Brown pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## IX. PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendant Sean Brown, his officers, agents, employees, and attorneys, and all other Persons in active concert or

1 | participation with him, who receive actual notice of this Order, whether acting
2 | directly or indirectly, are hereby **preliminarily restrained and enjoined** from:

A. Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B. Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

**X. REPORT OF NEW BUSINESS ACTIVITY**

**IT IS FURTHER ORDERED** that Defendant Sean Brown, his officers, agents, employees, and attorneys, and all other Persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, are hereby **preliminarily restrained and enjoined** from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, members, and employees; and (4) a detailed description of the business entity's intended activities.

**XI. TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

**IT IS FURTHER ORDERED** that Defendant Sean Brown and any other Person, with possession, custody or control of property of, or records relating to,

the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

    A.    All Assets held by or for the benefit of the Receivership Entities;

    B.    All Documents of or pertaining to the Receivership Entities;

    C.    All computers, electronic devices, mobile devices and machines used to conduct the business of the Receivership Entities, with the exception of any computers, electronic devices, mobile devices, and machines that contain information protected by the attorney/client privilege of parties who are not defendants in this action—as to those, Defendant Sean Brown shall cooperate with the Receiver to ensure all information not so protected is promptly provided or otherwise made available to the Receiver;

    D.    All Assets and Documents belonging to other Persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

    E.    All keys, codes, user names and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

    F.    In the event that any Person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XII. PROVISION OF INFORMATION TO THE RECEIVER

**IT IS FURTHER ORDERED** that Defendant Sean Brown shall provide to the Receiver, immediately upon request:

A. A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any Person or entity other than a Receivership Entity;

B. A list of all agents, employees, officers, attorneys, servants and those Persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

## XIII. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendant Sean Brown, his officers, agents, employees, and attorneys, and all other Persons in active concert or participation with him who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all Persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XIV. NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendant Sean Brown, his officers, agents, employees, attorneys, and all other Persons in active concert or participation with him, who receive actual notice of this Order, and any other Person served with a copy of this Order, are hereby **restrained and enjoined** from directly or indirectly:

A. Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B. Transacting any of the business of the Receivership Entities;

C. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities;

D. Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court; or

E. Harassing or interfering with the Receiver in any way.

## XV. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership in this matter, Defendant Brown's officers, agents, employees, attorneys, and all other Persons in active concert or participation with him, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors, customers and other Persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such Persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A. Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B. Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C. Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

Provided, however, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

## XVI. DISTRIBUTION OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant Sean Brown shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such Person

or entity who received a copy of the Order. Furthermore, Defendant Brown shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other Persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XVII. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order, as well as all other filings in this case, may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any Person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XVIII. CORRESPONDENCE WITH FTC

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

>   Andrew Hudson
>   Laura Basford
>   Jody Goodman
>   Federal Trade Commission
>   600 Pennsylvania Ave., NW, Mailstop CC-8528
>   Washington, DC 20580
>   Fax: 202-326-3395
>   Email: jgoodman1@ftc.gov; lbasford@ftc.gov; ahudson@ftc.gov

## XIX. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

IT IS SO ORDERED.

Dated: March 1, 2018

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE