**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DIGITAL ALTITUDE LLC, ET AL.,<br><br>　　　　　　Defendants. | No. 2:18-CV-00729 JAK (MRWx)<br><br>**ORDER RE STIPULATED PRELIMINARY INJUNCTION AGAINST DEFENDANT ALAN MOORE** |

This matter comes before the court upon the stipulation of Plaintiff, the Federal Trade Commission ("FTC"), and Defendant Alan Moore ("Moore") for the entry of a Preliminary Injunction against Moore.

On January 29, 2018, Plaintiff, the Federal Trade Commission, filed its Complaint for a Permanent Injunction And Other Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) (Dkt. 1). Pursuant to Fed. R. Civ. P. 65(b), the FTC also filed an ex parte application for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Digital Altitude LLC, Digital Altitude Limited, Aspire Processing LLC, Aspire Processing Limited, Aspire Ventures Ltd, Disc Enterprises Inc., RISE Systems & Enterprise LLC (Utah), RISE Systems & Enterprise LLC (Nevada), Soar International Limited Liability Company, The Upside, LLC, Thermography for Life, LLC, d/b/a Living

1

1  Exceptionally, Inc., Michael Force, Mary Dee, Morgan Johnson, Alan Moore, and
2  Sean Brown (collectively, "Defendants). Dkt. 5.

3      The Court granted the application, issuing a temporary restraining order
4  ("TRO") on February 1, 2018, including an asset freeze, appointment of a receiver,
5  immediate access to Defendants' business premises, and other temporary relief.
6  Dkt. 34. The TRO also ordered Defendants to appear on February 15, 2018 and
7  show cause why a preliminary injunction should not issue against them. The
8  parties stipulated to a continuance of the show cause hearing and the court granted
9  that request, extending the TRO and continuing the hearing to March 5, 2018. Dkt.
10 61. Prior to the hearing, the FTC and Defendant Alan Moore agreed to the entry of
11 a preliminary injunction for the duration of this litigation. The terms of the
12 stipulated preliminary injunction are set out below.

13                              **FINDINGS**

14     A.      This Court has jurisdiction over the subject matter of this case, and
15 there is good cause to believe that it will have jurisdiction over all parties hereto
16 and that venue in this district is proper.

17     B.      The FTC has sufficiently demonstrated that Defendant Moore has
18 engaged in and is likely to engage in acts or practices that violate Section 5(a) of
19 the FTC Act, 15 U.S.C. § 45(a), and that Plaintiff is therefore likely to prevail on
20 the merits of this action. As demonstrated by transcripts of Defendants' web
21 videos, screen captures of Defendants' websites, a declaration of the FTC's
22 investigator and transcripts of his calls with Defendants' representatives, consumer
23 declarations, bank and payment processor documentation, and the additional
24 documentation filed by the FTC, the FTC has established a likelihood of success in
25 showing that Moore is liable for material misrepresentations in the promotion and
26 sale of a program to make money online, to numerous consumers, including that
27 consumers are likely to earn substantial income and that they will receive business

28

1    coaching that will provide what the consumer needed to build a successful

2    business.

3          C.     The FTC has sufficiently demonstrated that immediate and irreparable

4    harm will result from Defendant Moore's ongoing violations of the FTC Act unless

5    Moore is restrained and enjoined by order of this Court.

6          D.     The FTC has sufficiently demonstrated the need for: (a) maintaining

7    the freeze over Defendant Alan Moore's assets; and (b) the ancillary relief ordered

8    below. *See, e.g.*, *FTC v. World Wide Factors, Ltd.*, 882 F.2d 344, 347 (9th Cir.

9    1989) (the Court "need only . . . find some chance of probable success on the

10   merits" in order to award preliminary relief). *See also FTC v. am. Nat'l Cellular,*

11   *Inc.*, 810 F.2d 1511, 1512-14 (9th Cir. 1987) (upholding preliminary injunction

12   including asset freeze and appointment of a receiver). The FTC has demonstrated a

13   likelihood that Defendant Moore is individually liable and properly subject to the

14   asset freeze. Specifically, the FTC has demonstrated that it likely will prevail in

15   showing that Moore directly participated in the wrongful acts or has the ability to

16   control certain Corporate Defendants because he is the Chief Technology Officer

17   of Digital Altitude LLC and Secretary of Aspire Processing Limited. Similarly, the

18   FTC has demonstrated that it will likely prevail in showing that Moore either had

19   knowledge of the misrepresentations or was recklessly indifferent to the fact that

20   misrepresentations were being made. An asset freeze is appropriate equitable relief

21   permitted by the FTC Act and the inherent equitable powers of the Court. *See FTC*

22   *v. H.N. Singer, Inc.*, 668 F.2d 1107, 1112-13 (9th Cir. 1982) (Section 13(b) of the

23   FTC Act "provides a basis" for a preliminary injunction "freezing assets").

24         E.     Weighing the equities and considering Plaintiff's likelihood of

25   ultimate success on the merits, a preliminary injunction with an asset freeze and

26   other equitable relief is in the public interest.

27

28

F. This Court has authority to issue this Order pursuant to Section 13(b) of the FTC Act, 15 U.S.C. § 53(b); Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

G. The FTC is an independent agency of the United States and no security is required of any agency of the United States for the issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A. "**Corporate Defendants**" means Digital Altitude LLC; Digital Altitude Limited; Aspire Processing LLC; Aspire Processing Limited; Aspire Ventures Ltd; Disc Enterprises Inc.; RISE Systems & Enterprise LLC (Utah); RISE Systems & Enterprise LLC (Nevada); Soar International Limited Liability Company; The Upside, LLC; Thermography for Life, LLC, d/b/a Living Exceptionally, Inc., and each of their subsidiaries, affiliates, successors, and assigns.

B. "**Defendant(s)**" means Corporate Defendants, Michael Force, Mary Dee, Morgan Johnson, Alan Moore, and Sean Brown, individually, collectively, or in any combination.

C. "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail, chats, and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone or videoconference logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information,

including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

D.    "**Individual Defendant(s)**" means Michael Force, Mary Dee, Morgan Johnson, Alan Moore, and Sean Brown, individually, collectively, or in any combination.

E.    "**Person**" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

F.    "**Receiver**" means the receiver appointed in this action and any deputy receivers that shall be named by the receiver.

G.    "**Receivership Entities**" means Corporate Defendants as well as any other entity that has conducted any business related to Defendants' marketing and sale of purported money-making opportunities to consumers, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

**ORDER**

**I.    PROHIBITED BUSINESS ACTIVITIES**

**IT IS THEREFORE ORDERED** that Defendant Alan Moore, his officers, agents, employees, and attorneys, and all other Persons in active concert or participation with him, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are **preliminarily restrained and enjoined** from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

1      A.    Consumers who purchase Defendants' purported money-making
2 opportunities will earn or are likely to earn substantial income;

3      B.    Consumers who purchase Defendants' purported money-making
4 opportunities will receive business coaching that will provide what the consumers
5 need to build a successful online business; and

6      C.    Any other fact material to consumers concerning any good or service,
7 such as: the total costs; any refund policy; any material restrictions, limitations, or
8 conditions; or any material aspect of its performance, efficacy, nature, or central
9 characteristics.

**II.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION**

**IT IS FURTHER ORDERED** that Defendant Alan Moore, his officers,
agents, employees, and attorneys, and all other Persons in active concert or
participation with him, who receive actual notice of this Order, whether acting
directly or indirectly, are hereby **preliminarily restrained and enjoined** from:

A.    Selling, renting, leasing, transferring, or otherwise disclosing, the
name, address, birth date, telephone number, email address, credit card number,
bank account number, Social Security number, or other financial or identifying
information of any Person that any Defendant obtained in connection with any
activity that pertains to the subject matter of this Order; and

B.    Benefitting from or using the name, address, birth date, telephone
number, email address, credit card number, bank account number, Social Security
number, or other financial or identifying information of any Person that any
Defendant obtained in connection with any activity that pertains to the subject
matter of this Order.

Provided, however, that Moore may disclose such identifying information to
a law enforcement agency, to his attorneys as required for his defense, as required
by any law, regulation, or court order, or in any filings, pleadings or discovery in

6

1  this action in the manner required by the Federal Rules of Civil Procedure and by

2  any protective order in the case.

3  **III.  ASSET FREEZE**

4      **IT IS FURTHER ORDERED** that Defendant Alan Moore and his

5  representatives, officers, agents, employees, and attorneys, and all other Persons in

6  active concert or participation with him, who receive actual notice of this Order,

7  whether acting directly or indirectly, are hereby **preliminarily restrained and**

8  **enjoined** from:

9      A.    Transferring, liquidating, converting, encumbering, pledging, loaning,

10  selling, concealing, dissipating, disbursing, assigning, relinquishing, spending,

11  conveying, gifting, withdrawing, granting a lien or security interest or other

12  interest in, or otherwise disposing of any Assets that are:

13          1)   owned or controlled, directly or indirectly, by any Defendant;

14          2)   held, in whole or in part, for the benefit of any Defendant;

15          3)   in the actual or constructive possession of any Defendant; or

16          4)   owned or controlled by, in the actual or constructive possession

17              of, or otherwise held for the benefit of, any corporation,

18              partnership, asset protection trust, or other entity that is directly

19              or indirectly owned, managed, or controlled by any Defendant.

20      B.    Opening or causing to be opened any safe deposit boxes, commercial

21  mail boxes, or storage facilities titled in the name of any Defendant or subject to

22  access by any Defendant, except as necessary to comply with written requests from

23  the Receiver acting pursuant to its authority under this Order;

24      C.    Incurring charges or cash advances on any credit, debit, or ATM card

25  issued in the name, individually or jointly, of any Corporate Defendant or any

26  corporation, partnership, or other entity directly or indirectly owned, managed, or

27  controlled by any Defendant or of which any Defendant is an officer, director,

28  member, or manager. This includes any corporate bankcard or corporate credit card

7

account for which any Defendant is, or was on the date that this Order was signed, an authorized signor; or

        D.      Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

        The Assets affected by this Section shall include Assets: (1) existing as of the date the TRO was entered; and (2) obtained by Defendant Alan Moore following entry of the TRO, if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## IV. DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

        **IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or Person who receives actual notice of this Order (by service or otherwise) and that has held, controlled, or maintained custody, through an account or otherwise, of (a) any Document on behalf of Defendant Alan Moore or any Asset that has been owned or controlled, directly or indirectly, by Moore; held, in part or in whole, for the benefit of Moore; in the actual or constructive possession of Moore; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by Moore; or (b) any Document or Asset associated with credits, debits or charges made on behalf of Moore, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities, shall:

A. Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court;

B. Deny any Person, except the Receiver, access to any safe deposit box, commercial mail box, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C. If they have not done so already in compliance with the TRO previously issued in this matter (Dkt. 34), provide Plaintiff's counsel and the Receiver, within three (3) business days of receiving a copy of this Order, a sworn statement setting forth:

1) The identification number of each such account or Asset;

2) The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the Person or entity to whom such account or other Asset was remitted; and

3) The identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D. If they have not done so already in compliance with the TRO previously issued in this matter (Dkt. 34), upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to such account or Asset, including

1   originals or copies of account applications, account statements, signature cards,

2   checks, drafts, deposit tickets, transfers to and from the accounts, including wire

3   transfers and wire transfer instructions, all other debit and credit instruments or

4   slips, currency transaction reports, 1099 forms, and all logs and records pertaining

5   to safe deposit boxes, commercial mail boxes, and storage facilities

6        Provided, however, that this Section does not prohibit any transfers to the

7   Receiver or repatriation of foreign Assets specifically required by this Order.

8   **V.    FINANCIAL DISCLOSURES**

9        **IT IS FURTHER ORDERED** that, if he has not done so already in

10  compliance with the TRO previously issued in this matter (Dkt. 34), within five (5)

11  calendar days of the issuance of this Order, Defendant Moore shall prepare and

12  deliver to Plaintiff's counsel and the Receiver:

13       A.    Completed financial statements on the form attached to this Order as

14  **Attachment A** (Financial Statement of Individual Defendant) for Moore and

15  **Attachment B** (Financial Statement of Corporate Defendant) for each business

16  entity under which Moore conducts business or of which Moore is an officer, and

17  for each trust for which Moore is a trustee; and

18  **VI.    REPATRIATION OF FOREIGN ASSETS AND DOCUMENTS**

19       **IT IS FURTHER ORDERED** that, if he has not done so already in

20  compliance with the TRO previously issued in this matter (Dkt. 34), within five (5)

21  days following the issuance of this Order, Defendant Alan Moore shall:

22       A.    Provide Plaintiff's counsel and the Receiver with a full accounting,

23  verified under oath and accurate as of the date of this Order, of all Assets,

24  Documents, and accounts outside of the United States which are: (1) titled in the

25  name, individually or jointly, of Defendant Moore; (2) held by any Person or entity

26  for the benefit of Defendant Moore or for the benefit of, any corporation,

27  partnership, asset protection trust, or other entity that is directly or indirectly

28

owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.     Take all steps necessary to provide Plaintiff's counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America.

C.     Transfer to the territory of the United States and all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of Moore; (2) held by any Person or entity for the benefit of Moore or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by Moore; or (3) under the direct or indirect control, whether jointly or singly, of Moore; and

D.     The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiff of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

**VII.   NON-INTERFERENCE WITH REPATRIATION**

**IT IS FURTHER ORDERED** that Defendant Alan Moore, his officers, agents, employees, and attorneys, and all other Persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, are hereby **preliminarily restrained and enjoined** from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

A.     Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Moore's Assets have been fully repatriated pursuant to this Order; or

B.     Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that Moore's Assets have been fully repatriated pursuant to this Order.

## VIII.  CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning Defendant Alan Moore pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## IX.     PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendant Alan Moore, his officers, agents, employees, and attorneys, and all other Persons in active concert or participation with him, who receive actual notice of this Order, whether acting directly or indirectly, are hereby **preliminarily restrained and enjoined** from:

A.     Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to: (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.     Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## X.     REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendant Alan Moore, his officers, agents, employees, and attorneys, and all other Persons in active concert or

1 participation with him, who receive actual notice of this Order, whether acting
2 directly or indirectly, are hereby **preliminarily restrained and enjoined** from
3 creating, operating, or exercising any control over any business entity, whether
4 newly formed or previously inactive, including any partnership, limited
5 partnership, joint venture, sole proprietorship, or corporation, without first
6 providing Plaintiff's counsel and the Receiver with a written statement disclosing:
7 (1) the name of the business entity; (2) the address and telephone number of the
8 business entity; (3) the names of the business entity's officers, directors, principals,
9 managers, members, and employees; and (4) a detailed description of the business
10 entity's intended activities.

11 **XI.     TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER**

12          **IT IS FURTHER ORDERED** that Defendant Alan Moore and any other
13 Person, with possession, custody or control of property of, or records relating to,
14 the Receivership Entities shall, upon notice of this Order by personal service or
15 otherwise, fully cooperate with and assist the Receiver in taking and maintaining
16 possession, custody, or control of the Assets and Documents of the Receivership
17 Entities and immediately transfer or deliver to the Receiver possession, custody,
18 and control of, the following:

19          A.     All Assets held by or for the benefit of the Receivership Entities;

20          B.     All Documents of or pertaining to the Receivership Entities;

21          C.     All computers, electronic devices, mobile devices and machines used
22 to conduct the business of the Receivership Entities;

23          D.     All Assets and Documents belonging to other Persons or entities
24 whose interests are under the direction, possession, custody, or control of the
25 Receivership Entities; and

26          E.     All keys, codes, user names and passwords necessary to gain or to
27 secure access to any Assets or Documents of or pertaining to the Receivership
28 Entities, including access to their business premises, means of communication,

accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

F.     In the event that any Person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XII.   PROVISION OF INFORMATION TO THE RECEIVER

**IT IS FURTHER ORDERED** that Defendant Alan Moore shall provide to the Receiver, immediately upon request:

A.     A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any Person or entity other than a Receivership Entity;

B.     A list of all agents, employees, officers, attorneys, servants and those Persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

## XIII.  COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendant Alan Moore, his officers, agents, employees, and attorneys, and all other Persons in active concert or participation with him who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver; providing any keys, codes, user names and passwords required to access any computers, electronic devices, mobile devices, and machines (onsite or

remotely) and any cloud account (including specific method to access account) or electronic file in any medium; advising all Persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XIV. NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendant Alan Moore, his officers, agents, employees, attorneys, and all other Persons in active concert or participation with him, who receive actual notice of this Order, and any other Person served with a copy of this Order, are hereby **restrained and enjoined** from directly or indirectly:

A. Interfering with the Receiver's efforts to manage, or take custody, control, or possession of, the Assets or Documents subject to the receivership;

B. Transacting any of the business of the Receivership Entities;

C. Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities;

D. Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court; or

E. Harassing or interfering with the Receiver in any way.

## XV. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership in this matter, Defendant Moore, his officers, agents, employees, attorneys, and all other Persons in active concert or participation with him, who receive actual notice of this Order, and their corporations, subsidiaries, divisions, or affiliates, and all investors, creditors,

stockholders, lessors, customers and other Persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such Persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A.     Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.     Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations;

C.     Filing or enforcing any lien on any asset of the Receivership Entities, taking or attempting to take possession, custody, or control of any Asset of the Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership Entities, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or

Provided, however, that this Order does not stay: (1) the commencement or continuation of a criminal action or proceeding; (2) the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

**XVI.  DISTRIBUTION OF ORDER BY DEFENDANT**

**IT IS FURTHER ORDERED** that Defendant Alan Moore shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer, director, employee, agent,

independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiff and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such Person or entity who received a copy of the Order. Furthermore, Defendant Moore shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other Persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XVII. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order, as well as all other filings in this case, may be served by any means, including facsimile transmission, electronic mail or other electronic messaging, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law enforcement agency, or by private process server, upon any Defendant or any Person (including any financial institution) that may have possession, custody or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate or office of any entity shall effect service upon the entire entity.

## XVIII. CORRESPONDENCE WITH FTC

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

Andrew Hudson
Laura Basford
Jody Goodman
Federal Trade Commission
600 Pennsylvania Ave., NW

Mailstop CC-8528
Washington, DC 20580
Fax: 202-326-3395
Email: jgoodman1@ftc.gov; lbasford@ftc.gov; ahudson@ftc.gov

**XIX.** **RETENTION OF JURISDICTION**

    **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

    IT IS SO ORDERED.

Dated: March 1, 2018

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

# Attachment A

**Definitions and Instructions:**

1. Complete all items. Enter "None" or "N/A" ("Not Applicable") in the first field only of any item that does not apply to you. If you cannot fully answer a question, explain why.

2. "Dependents" include your spouse, live-in companion, dependent children, or any other person, whom you or your spouse (or your children's other parent) claimed or could have claimed as a dependent for tax purposes at any time during the past five years.

3. "Assets" and "Liabilities" include ALL assets and liabilities, located within the United States or any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or your dependents, or held by others for the benefit of you, your spouse, or your dependents.

4. Attach continuation pages as needed. On the financial statement, state next to the Item number that the Item is being continued. On the continuation page(s), identify the Item number(s) being continued.

5. Type or print legibly.

6. Initial each page in the space provided in the lower right corner.

7. Sign and date the completed financial statement on the last page.


**Penalty for False Information:**

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or devise a material fact; makes any materially false, fictitious or fraudulent statement or representation; or makes or uses any false writing or document knowing the same to contain any materially false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any ( . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration" (18 U.S.C. § 1623).

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

### Item 1.  Information About You

| Full Name | Social Security No. | |
|---|---|---|

| Current Address of Primary Residence | Driver's License No. | State Issued |
|---|---|---|

| | Phone Numbers<br>Home: (    ) | Date of Birth:    /    /<br>(mm/dd/yyyy) |
|---|---|---|
| | Fax:   (    ) | Place of Birth |

☐Rent ☐Own       From (Date):    /    /
(mm/dd/yyyy)

E-Mail Address

Internet Home Page

**Previous Addresses for past five years** (if required, use additional pages at end of form)

| Address | From:    /    /       Until:    /    /<br>(mm/dd/yyyy)          (mm/dd/yyyy)<br><br>☐Rent ☐Own |
|---|---|

| Address | From:    /    /       Until:    /    /<br><br>☐Rent ☐Own |
|---|---|

| Address | From:    /    /       Until:    /    /<br><br>☐Rent ☐Own |
|---|---|

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

### Item 2.  Information About Your Spouse or Live-In Companion

| Spouse/Companion's Name | Social Security No. | Date of Birth<br>   /    /<br>(mm/dd/yyyy) |
|---|---|---|

| Address (if different from yours) | Phone Number<br>(    ) | Place of Birth |
|---|---|---|
| | ☐Rent ☐Own       From (Date):    /    /<br>(mm/dd/yyyy) | |

Identify any other name(s) and/or social security number(s) you have used, and the time period(s) during which they were used:

| Employer's Name and Address | Job Title | |
|---|---|---|
| | Years in Present Job | Annual Gross Salary/Wages<br>$ |

### Item 3.  Information About Your Previous Spouse

| Name and Address | Social Security No. |
|---|---|
| | Date of Birth<br>   /    /<br>(mm/dd/yyyy) |

### Item 4.  Contact Information (name and address of closest living relative other than your spouse)

| Name and Address | Phone Number<br>(    ) |
|---|---|

Initials: _____

## Item 5.  Information About Dependents (whether or not they reside with you)

| Name and Address | Social Security No. | Date of Birth<br>/   /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/   /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/   /<br>(mm/dd/yyyy) |
| | Relationship | |
| Name and Address | Social Security No. | Date of Birth<br>/   /<br>(mm/dd/yyyy) |
| | Relationship | |

## Item 6.  Employment Information/Employment Income

Provide the following information for this year-to-date and for each of the previous five full years, for each business entity of which you were a director, officer, member, partner, employee (including self-employment), agent, owner, shareholder, contractor, participant or consultant at any time during that period.  "Income" includes, but is not limited to, any salary, commissions, distributions, draws, consulting fees, loans, loan payments, dividends, royalties, and benefits for which you did not pay (*e.g.*, health insurance premiums, automobile lease or loan payments) received by you or anyone else on your behalf.

| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
|---|---|---|---|---|
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br><br>20 | Income<br><br>$<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br><br>20 | Income<br><br>$<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |
| Company Name and Address | Dates Employed | | Income Received: Y-T-D & 5 Prior Yrs. | |
| | From (Month/Year)<br>/ | To (Month/Year)<br>/ | Year<br><br>20 | Income<br><br>$<br>$ |
| Ownership Interest?  ☐ Yes ☐ No | | | | |
| Positions Held | From (Month/Year) | To (Month/Year) | | $ |
| | / | / | | $ |
| | / | / | | $ |
| | / | / | | $ |

Initials: _____

## Item 7.  Pending Lawsuits Filed By or Against You or Your Spouse

List all pending lawsuits that have been filed by or against you or your spouse in any court or before an administrative agency in the United States or in any foreign country or territory.  *Note:  At Item 12, list lawsuits that resulted in final judgments or settlements in your favor.  At Item 21, list lawsuits that resulted in final judgments or settlements against you.*

| Caption of Proceeding | Court or Agency and Location | Case No. | Nature of Proceeding | Relief Requested | Status or Disposition |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

## Item 8.  Safe Deposit Boxes

List all safe deposit boxes, located within the United States or in any foreign country or territory, whether held individually or jointly and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents.

| Name of Owner(s) | Name & Address of Depository Institution | Box No. | Contents |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Initials: _____

## FINANCIAL INFORMATION

**REMINDER:** When an item asks for information regarding your "assets" and "liabilities" include <u>ALL</u> assets and liabilities, located within the United States or in any foreign country or territory, or institution, whether held individually or jointly, and whether held by you, your spouse, or any of your dependents, or held by others for the benefit of you, your spouse, or any of your dependents. In addition, provide all documents requested in Item 24 with your completed Financial Statement.

## ASSETS

### Item 9.  Cash, Bank, and Money Market Accounts

List cash on hand (as opposed to cash in bank accounts or other financial accounts) and all bank accounts, money market accounts, or other financial accounts, including but not limited to checking accounts, savings accounts, and certificates of deposit.  The term "cash on hand" includes but is not limited to cash in the form of currency, uncashed checks, and money orders.

| a.  Amount of Cash on Hand  $ | | Form of Cash on Hand | |
|---|---|---|---|
| b.  Name on Account | Name & Address of Financial Institution | Account No. | Current Balance |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

### Item 10.  Publicly Traded Securities

List all publicly traded securities, including but not limited to, stocks, stock options, corporate bonds, mutual funds, U.S. government securities (including but not limited to treasury bills and treasury notes), and state and municipal bonds.  Also list any U.S. savings bonds.

| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
|---|---|---|---|---|
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |
| Owner of Security | | Issuer | Type of Security | No. of Units Owned |
| Broker House, Address | | Broker Account No. | | |
| | | Current Fair Market Value $ | Loan(s) Against Security $ | |

Initials:  _____

## Item 11.  Non-Public Business and Financial Interests

List all non-public business and financial interests, including but not limited to any interest in a non-public corporation, subchapter-S corporation, limited liability corporation ("LLC"), general or limited partnership, joint venture, sole proprietorship, international business corporation or personal investment corporation, and oil or mineral lease.

| Entity's Name & Address | Type of Business or Financial Interest (e.g., LLC, partnership) | Owner (e.g., self, spouse) | Ownership % | If Officer, Director, Member or Partner, Exact Title |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

## Item 12.  Amounts Owed to You, Your Spouse, or Your Dependents

| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
|---|---|---|---|
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |
| Debtor's Name & Address | Date Obligation Incurred (Month/Year) / | Original Amount Owed $ | Nature of Obligation (if the result of a final court judgment or settlement, provide court name and docket number) |
| | Current Amount Owed $ | Payment Schedule $ | |
| Debtor's Telephone | Debtor's Relationship to You | | |

## Item 13.  Life Insurance Policies

List all life insurance policies (including endowment policies) with any cash surrender value.

| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
|---|---|---|---|
| | Insured | Loans Against Policy $ | Surrender Value $ |
| Insurance Company's Name, Address, & Telephone No. | Beneficiary | Policy No. | Face Value $ |
| | Insured | Loans Against Policy $ | Surrender Value $ |

## Item 14.  Deferred Income Arrangements

List all deferred income arrangements, including but not limited to, deferred annuities, pensions plans, profit-sharing plans, 401(k) plans, IRAs, Keoghs, other retirement accounts, and college savings plans (e.g., 529 Plans).

| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
|---|---|---|---|
| | Date Established / / (mm/dd/yyyy) | Type of Plan | Surrender Value before Taxes and Penalties $ |
| Trustee or Administrator's Name, Address & Telephone No. | Name on Account | | Account No. |
| | Date Established / / | Type of Plan | Surrender Value before Taxes and Penalties $ |

Initials: _____

## Item 15.  Pending Insurance Payments or Inheritances
List any pending insurance payments or inheritances owed to you.

| Type | Amount Expected | Date Expected  (mm/dd/yyyy) |
|---|---|---|
|  | $ | /   / |
|  | $ | /   / |
|  | $ | /   / |

## Item 16.  Vehicles
List all cars, trucks, motorcycles, boats, airplanes, and other vehicles.

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

| Vehicle Type | Year | Registered Owner's Name | Purchase Price $ | Original Loan Amount $ | Current Balance $ |
|---|---|---|---|---|---|
| Make | | Registration State & No. | Account/Loan No. | Current Value $ | Monthly Payment $ |
| Model | | Address of Vehicle's Location | Lender's Name and Address | | |

## Item 17.  Other Personal Property
List all other personal property not listed in Items 9-16 by category, whether held for personal use, investment or any other reason, including but not limited to coins, stamps, artwork, gemstones, jewelry, bullion, other collectibles, copyrights, patents, and other intellectual property.

| Property  Category (e.g., artwork, jewelry) | Name of Owner | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|---|
|  |  |  | $ | $ |
|  |  |  | $ | $ |
|  |  |  | $ | $ |

Initials: _____

## Item 18.  Real Property
*List all real property interests (including any land contract)*

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages |
|---|---|---|

| Acquisition Date (mm/dd/yyyy)<br>/ / | Purchase Price<br>$ | Current Value<br>$ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract<br>$ |
|---|---|---|
| | | Monthly Payment<br>$ |

| Other Mortgage Loan(s) (describe) | Monthly Payment<br>$ | ☐ Rental Unit<br><br>Monthly Rent Received<br>$ |
|---|---|---|
| | Current Balance<br>$ | |

| Property's Location | Type of Property | Name(s) on Title or Contract and Ownership Percentages |
|---|---|---|

| Acquisition Date (mm/dd/yyyy)<br>/ / | Purchase Price<br>$ | Current Value<br>$ | Basis of Valuation |
|---|---|---|---|

| Lender's Name and Address | Loan or Account No. | Current Balance On First Mortgage or Contract<br>$ |
|---|---|---|
| | | Monthly Payment<br>$ |

| Other Mortgage Loan(s) (describe) | Monthly Payment<br>$ | ☐ Rental Unit<br><br>Monthly Rent Received<br>$ |
|---|---|---|
| | Current Balance<br>$ | |

# LIABILITIES

## Item 19.  Credit Cards
*List each credit card account held by you, your spouse, or your dependents, and any other credit cards that you, your spouse, or your dependents use, whether issued by a United States or foreign financial institution.*

| Name of Credit Card (e.g., Visa, MasterCard, Department Store) | Account No. | Name(s) on Account | Current Balance |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |
| | | | $ |

## Item 20.  Taxes Payable
*List all taxes, such as income taxes or real estate taxes, owed by you, your spouse, or your dependents.*

| Type of Tax | Amount Owed | Year Incurred |
|---|---|---|
| | $ | |
| | $ | |
| | $ | |

Initials: _____

## Item 21.  Other Amounts Owed by You, Your Spouse, or Your Dependents

List all other amounts, not listed elsewhere in this financial statement, owed by you, your spouse, or your dependents.

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>/   /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
|---|---|---|---|

| Lender/Creditor's Name, Address, and Telephone No. | Nature of Debt (if the result of a court judgment or settlement, provide court name and docket number) | | |
|---|---|---|---|
| | Lender/Creditor's Relationship to You | | |

| Date Liability Was Incurred<br>/   /<br>(mm/dd/yyyy) | Original Amount Owed<br>$ | Current Amount Owed<br>$ | Payment Schedule |
|---|---|---|---|

# OTHER FINANCIAL INFORMATION

## Item 22.  Trusts and Escrows

List all funds and other assets that are being held in trust or escrow by any person or entity for you, your spouse, or your dependents.  Include any legal retainers being held on your behalf by legal counsel.  Also list all funds or other assets that are being held in trust or escrow by you, your spouse, or your dependents, for any person or entity.

| Trustee or Escrow Agent's Name & Address | Date Established (mm/dd/yyyy) | Grantor | Beneficiaries | Present Market Value of Assets* |
|---|---|---|---|---|
| | /   / | | | $ |
| | /   / | | | $ |
| | /   / | | | $ |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

## Item 23.  Transfers of Assets

List each person or entity to whom you have transferred, in the aggregate, more than $5,000 in funds or other assets during the previous five years by loan, gift, sale, or other transfer (exclude ordinary and necessary living and business expenses paid to unrelated third parties).  For each such person or entity, state the total amount transferred during that period.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value* | Transfer Date (mm/dd/yyyy) | Type of Transfer (e.g., Loan, Gift) |
|---|---|---|---|---|
| | | $ | /   / | |
| | | $ | /   / | |
| | | $ | /   / | |

*If the market value of any asset is unknown, describe the asset and state its cost, if you know it.

Initials: _____

## Item 24.  Document Requests
Provide copies of the following documents with your completed Financial Statement.

|  | Federal tax returns filed during the last three years by or on behalf of you, your spouse, or your dependents. |
|---|---|
|  | All applications for bank loans or other extensions of credit (other than credit cards) that you, your spouse, or your dependents have submitted within the last two years, including by obtaining copies from lenders if necessary. |
| Item 9 | For each bank account listed in Item 9, all account statements for the past 3 years. |
| Item 11 | For each business entity listed in Item 11, provide (including by causing to be generated from accounting records) the most recent balance sheet, tax return, annual income statement, the most recent year-to-date income statement, and all general ledger files from account records. |
| Item 17 | All appraisals that have been prepared for any property listed in Item 17, including appraisals done for insurance purposes.  You may exclude any category of property where the total appraised value of all property in that category is less than $2,000. |
| Item 18 | All appraisals that have been prepared for real property listed in Item 18. |
| Item 21 | Documentation for all debts listed in Item 21. |
| Item 22 | All executed documents for any trust or escrow listed in Item 22.  Also provide any appraisals, including insurance appraisals that have been done for any assets held by any such trust or in any such escrow. |

## SUMMARY FINANCIAL SCHEDULES

## Item 25.  Combined Balance Sheet for You, Your Spouse, and Your Dependents

| Assets |  | Liabilities |  |
|---|---|---|---|
| Cash on Hand (Item 9) | $ | Loans Against Publicly Traded Securities (Item 10) | $ |
| Funds Held in Financial Institutions (Item 9) | $ | Vehicles - Liens (Item 16) | $ |
| U.S. Government Securities (Item 10) | $ | Real Property – Encumbrances (Item 18) | $ |
| Publicly Traded Securities (Item 10) | $ | Credit Cards (Item 19) | $ |
| Non-Public Business and Financial Interests (Item 11) | $ | Taxes Payable (Item 20) | $ |
| Amounts Owed to You (Item 12) | $ | Amounts Owed by You (Item 21) | $ |
| Life Insurance Policies (Item 13) | $ | **Other Liabilities (Itemize)** |  |
| Deferred Income Arrangements (Item 14) | $ |  | $ |
| Vehicles (Item 16) | $ |  | $ |
| Other Personal Property (Item 17) | $ |  | $ |
| Real Property (Item 18) | $ |  | $ |
| **Other Assets (Itemize)** |  |  | $ |
|  | $ |  | $ |
|  | $ |  | $ |
|  | $ |  | $ |
| **Total Assets** | $ | **Total Liabilities** |  |

## Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents
Provide the current monthly income and expenses for you, your spouse, and your dependents.  Do not include credit card payments separately; rather, include credit card expenditures in the appropriate categories.

| Income (State source of each item) |  | Expenses |  |
|---|---|---|---|
| Salary - After Taxes<br>Source: | $ | Mortgage or Rental Payments for Residence(s) | $ |
| Fees, Commissions, and Royalties<br>Source: | $ | Property Taxes for Residence(s) | $ |
| Interest<br>Source: | $ | Rental Property Expenses, Including Mortgage Payments, Taxes, and Insurance | $ |
| Dividends and Capital Gains<br>Source: | $ | Car or Other Vehicle Lease or Loan Payments | $ |
| Gross Rental Income<br>Source: | $ | Food Expenses | $ |
| Profits from Sole Proprietorships<br>Source: | $ | Clothing Expenses | $ |
| Distributions from Partnerships, S-Corporations, and LLCs<br>Source: | $ | Utilities | $ |

Initials: _____

**Item 26.  Combined Current Monthly Income and Expenses for You, Your Spouse, and Your Dependents (cont.)**

| | | | |
|---|---|---|---|
| Distributions from Trusts and Estates<br>Source: | $ | Medical Expenses, Including Insurance | $ |
| Distributions from Deferred Income Arrangements<br>Source: | $ | Other Insurance Premiums | $ |
| Social Security Payments | $ | Other Transportation Expenses | $ |
| Alimony/Child Support Received | $ | **Other Expenses (Itemize)** | |
| Gambling Income | $ | | $ |
| **Other Income (Itemize)** | | | $ |
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| **Total Income** | $ | **Total Expenses** | $ |

## ATTACHMENTS

**Item 27.  Documents Attached to this Financial Statement**
List all documents that are being submitted with this financial statement.  For any Item 24 documents that are not attached, explain why.

| Item No. Document Relates To | Description of Document |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court.  I have used my best efforts to obtain the information requested in this statement.  The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge.  I have provided all requested documents in my custody, possession, or control.  I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines).  I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Executed on:

_____
(Date)

_____
Signature

# Attachment B

# FEDERAL TRADE COMMISSION

## FINANCIAL STATEMENT OF CORPORATE DEFENDANT

**Instructions**:

1.   Complete all items.  Enter "None" or "N/A" ("Not Applicable") where appropriate.  If you cannot fully answer a question, explain why.

2.   The font size within each field will adjust automatically as you type to accommodate longer responses.

3.   In completing this financial statement, "the corporation" refers not only to this corporation but also to each of its predecessors that are not named defendants in this action.

4.   When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.

5.   Attach continuation pages as needed.  On the financial statement, state next to the Item number that the Item is being continued.  On the continuation page(s), identify the Item number being continued.

6.   Type or print legibly.

7.   An officer of the corporation must sign and date the completed financial statement on the last page and initial each page in the space provided in the lower right corner.

**Penalty for False Information**:

Federal law provides that any person may be imprisoned for not more than five years, fined, or both, if such person:

(1) "in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry" (18 U.S.C. § 1001);

(2) "in any . . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true" (18 U.S.C. § 1621); or

(3) "in any (. . . statement under penalty of perjury as permitted under section 1746 of title 28, United States Code) in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration or makes or uses any other information . . . knowing the same to contain any false material declaration." (18 U.S.C. § 1623)

For a felony conviction under the provisions cited above, federal law provides that the fine may be not more than the greater of (i) $250,000 for an individual or $500,000 for a corporation, or (ii) if the felony results in pecuniary gain to any person or pecuniary loss to any person other than the defendant, the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571.

## BACKGROUND INFORMATION

**Item 1.**        **General Information**

Corporation's Full Name _____

Primary Business Address _____ From (Date) _____

Telephone No. _____ Fax No. _____

 E-Mail Address_____ Internet Home Page_____

All other current addresses & previous addresses for past five years, including post office boxes and mail drops:

Address_____ From/Until_____

Address_____ From/Until_____

Address_____ From/Until_____

All predecessor companies for past five years:

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

Name & Address _____ From/Until _____

**Item 2.**        **Legal Information**

Federal Taxpayer ID No. _____ State & Date of Incorporation _____

State Tax ID No. _____ State _____ Profit or Not For Profit _____

Corporation's Present Status:  Active _____ Inactive _____ Dissolved _____

If Dissolved:  Date dissolved _____ By Whom _____

Reasons _____

Fiscal Year-End (Mo./Day) _____ Corporation's Business Activities _____

**Item 3.**        **Registered Agent**

Name of Registered Agent _____

Address _____ Telephone No. _____

**Item 4.**   **Principal Stockholders**

List all persons and entities that own at least 5% of the corporation's stock.

<u>Name & Address</u>                                                             <u>% Owned</u>

_____   _____

_____   _____

_____   _____

_____   _____


**Item 5.**   **Board Members**

List all members of the corporation's Board of Directors.

<u>Name & Address</u>                                   <u>% Owned</u>   <u>Term (From/Until)</u>

_____   _____   _____

_____   _____   _____

_____   _____   _____

_____   _____   _____

_____   _____   _____


**Item 6.**   **Officers**

List all of the corporation's officers, including *de facto* officers (individuals with significant management responsibility whose titles do not reflect the nature of their positions).

<u>Name & Address</u>                                                             <u>% Owned</u>

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

<u>**Item 7.**</u>    **Businesses Related to the Corporation**

List all corporations, partnerships, and other business entities in which this corporation has an ownership interest.

|              <u>Name & Address</u>              | <u>Business Activities</u> | <u>% Owned</u> |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

State which of these businesses, if any, has ever transacted business with the corporation _____

_____

<u>**Item 8.**</u>    **Businesses Related to Individuals**

List all corporations, partnerships, and other business entities in which the corporation's principal stockholders, board members, or officers (i.e., the individuals listed in Items 4 - 6 above) have an ownership interest.

| <u>Individual's Name</u> | <u>Business Name & Address</u> | <u>Business Activities</u> | <u>% Owned</u> |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

State which of these businesses, if any, have ever transacted business with the corporation _____

_____

<u>**Item 9.**</u>    **Related Individuals**

List all related individuals with whom the corporation has had any business transactions during the three previous fiscal years and current fiscal year-to-date.  A "related individual" is a spouse, sibling, parent, or child of the principal stockholders, board members, and officers (i.e., the individuals listed in Items 4 - 6 above).

|          <u>Name and Address</u>          | <u>Relationship</u> | <u>Business Activities</u> |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**Item 10.**       **Outside Accountants**

List all outside accountants retained by the corporation during the last three years.

| Name | Firm Name | Address | CPA/PA? |
|------|-----------|---------|---------|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

**Item 11.**       **Corporation's Recordkeeping**

List all individuals within the corporation with responsibility for keeping the corporation's financial books and records for the last three years.

| Name, Address, & Telephone Number | Position(s) Held |
|-----------------------------------|------------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**Item 12.**       **Attorneys**

List all attorneys retained by the corporation during the last three years.

| Name | Firm Name | Address |
|------|-----------|---------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

## Item 13.        **Pending Lawsuits Filed by the Corporation**

List all pending lawsuits that have been filed by the corporation in court or before an administrative agency.  (List lawsuits that resulted in final judgments or settlements in favor of the corporation in Item 25).

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

Opposing Party's Name & Address_____

Court's Name & Address_____

Docket No._____ Relief Requested_____ Nature of Lawsuit_____

_____Status_____

**<u>Item 14.</u>**       **Current Lawsuits Filed Against the Corporation**

List all pending lawsuits that have been filed against the corporation in court or before an administrative agency. (List lawsuits that resulted in final judgments, settlements, or orders in Items 26 - 27).

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

Opposing Party's Name & Address _____

Court's Name & Address _____

Docket No. _____ Relief Requested _____ Nature of Lawsuit _____

_____ Status _____

**Item 15.**      **Bankruptcy Information**

List all state insolvency and federal bankruptcy proceedings involving the corporation.

Commencement Date _____ Termination Date _____ Docket No. _____

If State Court: Court & County _____ If Federal Court: District _____

Disposition _____

**Item 16.**      **Safe Deposit Boxes**

List all safe deposit boxes, located within the United States or elsewhere, held by the corporation, or held by others for the benefit of the corporation. *On a separate page, describe the contents of each box.*

Owner's Name      Name & Address of Depository Institution      Box No.

_____  _____  _____

_____  _____  _____

_____  _____  _____

_____  _____  _____

_____  _____  _____

**FINANCIAL INFORMATION**

**REMINDER:  When an Item asks for information about assets or liabilities "held by the corporation," include <u>ALL</u> such assets and liabilities, located within the United States or elsewhere, held by the corporation or held by others for the benefit of the corporation.**

**Item 17.**      **Tax Returns**

List all federal and state corporate tax returns filed for the last three complete fiscal years. *Attach copies of all returns.*

| Federal/<br>State/Both | Tax Year | Tax Due<br>Federal | Tax Paid<br>Federal | Tax Due<br>State | Tax Paid<br>State | Preparer's Name |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |
| _____ | _____ | $_____ | $_____ | $_____ | $_____ | _____ |

**Item 18.**     **Financial Statements**

List all financial statements that were prepared for the corporation's last three complete fiscal years and for the current fiscal year-to-date. *Attach copies of all statements, providing audited statements if available.*

| Year | Balance Sheet | Profit & Loss Statement | Cash Flow Statement | Changes in Owner's Equity | Audited? |
|------|---------------|-------------------------|---------------------|---------------------------|----------|
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |

**Item 19.**     **Financial Summary**

For each of the last three complete fiscal years and for the current fiscal year-to-date for which the corporation has not provided a profit and loss statement in accordance with Item 18 above, provide the following summary financial information.

|  | Current Year-to-Date | 1 Year Ago | 2 Years Ago | 3 Years Ago |
|--|----------------------|------------|-------------|-------------|
| Gross Revenue | $_____ | $_____ | $_____ | $_____ |
| Expenses | $_____ | $_____ | $_____ | $_____ |
| Net Profit After Taxes | $_____ | $_____ | $_____ | $_____ |
| Payables | $_____ | | | |
| Receivables | $_____ | | | |

**Item 20.**     **Cash, Bank, and Money Market Accounts**

List cash and all bank and money market accounts, including but not limited to, checking accounts, savings accounts, and certificates of deposit, held by the corporation.  The term "cash" includes currency and uncashed checks.

Cash on Hand $_____ Cash Held for the Corporation's Benefit $_____

| Name & Address of  Financial Institution | Signator(s) on Account | Account No. | Current Balance |
|------------------------------------------|------------------------|-------------|-----------------|
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |
| _____ | _____ | _____ | $_____ |

**Item 21.**      **Government Obligations and Publicly Traded Securities**

List all U.S. Government obligations, including but not limited to, savings bonds, treasury bills, or treasury notes, held by the corporation. Also list all publicly traded securities, including but not limited to, stocks, stock options, registered and bearer bonds, state and municipal bonds, and mutual funds, held by the corporation.

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

Issuer _____ Type of Security/Obligation _____

No. of Units Owned _____ Current Fair Market Value $_____ Maturity Date _____

**Item 22.**      **Real Estate**

List all real estate, including leaseholds in excess of five years, held by the corporation.

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

Type of Property_____ Property's Location_____

Name(s) on Title and Ownership Percentages_____

Current Value $_____ Loan or Account No. _____

Lender's Name and Address_____

Current Balance On First Mortgage $_____ Monthly Payment $_____

Other Loan(s) (describe)_____ Current Balance $_____

Monthly Payment $_____ Rental Unit?_____ Monthly Rent Received $_____

**Item 23.**      **Other Assets**

List all other property, by category, with an estimated value of $2,500 or more, held by the corporation, including but not limited to, inventory, machinery, equipment, furniture, vehicles, customer lists, computer software, patents, and other intellectual property.

| Property Category | Property Location | Acquisition Cost | Current Value |
|---|---|---|---|
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |
| _____ | _____ | $_____ | $_____ |

**Item 24.**      **Trusts and Escrows**

List all persons and other entities holding funds or other assets that are in escrow or in trust for the corporation.

| Trustee or Escrow Agent's Name & Address | Description and Location of Assets | Present Market Value of Assets |
|---|---|---|
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |
| _____ | _____ | $_____ |

Initials _____

**Item 25.**        **Monetary Judgments and Settlements Owed To the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed to the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____


**Item 26.**        **Monetary Judgments and Settlements Owed By the Corporation**

List all monetary judgments and settlements, recorded and unrecorded, owed by the corporation.

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

Opposing Party's Name & Address_____

Court's Name & Address_____ Docket No._____

Nature of Lawsuit_____ Date of Judgment_____ Amount $_____

**Item 27.**       **Government Orders and Settlements**

List all existing orders and settlements between the corporation and any federal or state government entities.

Name of Agency _____ Contact Person _____

Address _____ Telephone No. _____

Agreement Date _____ Nature of Agreement _____

**Item 28.**       **Credit Cards**

List all of the corporation's credit cards and store charge accounts and the individuals authorized to use them.

      Name of Credit Card or Store                     Names of Authorized Users and Positions Held

_____   _____

_____   _____

_____   _____

_____   _____

_____   _____

**Item 29.**       **Compensation of Employees**

List all compensation and other benefits received from the corporation by the five most highly compensated employees, independent contractors, and consultants (other than those individuals listed in Items 5 and 6 above), for the two previous fiscal years and current fiscal year-to-date. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, bonuses, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

       Initials _____

**Item 30.**   **Compensation of Board Members and Officers**

List all compensation and other benefits received from the corporation by each person listed in Items 5 and 6, for the current fiscal year-to-date and the two previous fiscal years. "Compensation" includes, but is not limited to, salaries, commissions, consulting fees, dividends, distributions, royalties, pensions, and profit sharing plans. "Other benefits" include, but are not limited to, loans, loan payments, rent, car payments, and insurance premiums, whether paid directly to the individuals, or paid to others on their behalf.

| Name/Position | Current Fiscal Year-to-Date | 1 Year Ago | 2 Years Ago | Compensation or Type of Benefits |
|---|---|---|---|---|
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |
| _____ | $_____ | $_____ | $_____ | _____ |

**Item 31.**   **Transfers of Assets Including Cash and Property**

List all transfers of assets over $2,500 made by the corporation, other than in the ordinary course of business, during the previous three years, by loan, gift, sale, or other transfer.

| Transferee's Name, Address, & Relationship | Property Transferred | Aggregate Value | Transfer Date | Type of Transfer (*e.g.*, Loan, Gift) |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |
| _____ | _____ | $_____ | _____ | _____ |

Initials _____

**<u>Item 32.</u>** **Documents Attached to the Financial Statement**

List all documents that are being submitted with the financial statement.

<u>Item No. Document
Relates To</u>    <u>Description of Document</u>

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

I am submitting this financial statement with the understanding that it may affect action by the Federal Trade Commission or a federal court. I have used my best efforts to obtain the information requested in this statement. The responses I have provided to the items above are true and contain all the requested facts and information of which I have notice or knowledge. I have provided all requested documents in my custody, possession, or control. I know of the penalties for false statements under 18 U.S.C. § 1001, 18 U.S.C. § 1621, and 18 U.S.C. § 1623 (five years imprisonment and/or fines). I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on:

_____    _____
(Date)    Signature

_____
Corporate Position