IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>DIGITAL ALTITUDE LLC, et al.,<br><br>Defendants. | No. 2:18-CV-00729 JAK (MRWx)<br><br>**ORDER RE APPLICATION FOR ENTRY OF STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AGAINST MICHAEL FORCE (DKT. 280)**<br><br>**JS-6: Michael Force Only** |

This matter comes before the court upon the stipulation of Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), and Settling Defendant Michael Force ("Force" or "Settling Defendant") for the entry of a Permanent Injunction against Settling Defendant.

On January 29, 2018, the FTC filed its Complaint for a Permanent Injunction And Other Relief pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b) (Docket No. 1). Pursuant to Fed. R. Civ. P. 65(b), the FTC also filed an ex parte application for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause

why a preliminary injunction should not issue against Digital Altitude LLC, Digital Altitude Limited, Aspire Processing LLC, Aspire Processing Limited, Aspire Ventures Ltd, Disc Enterprises Inc., RISE Systems & Enterprise LLC (Utah), RISE Systems & Enterprise LLC (Nevada), Soar International Limited Liability Company, The Upside, LLC, Thermography for Life, LLC, also d/b/a Living Exceptionally, Inc., Michael Force, Mary Dee, Morgan Johnson, Alan Moore, and Sean Brown (collectively, "Defendants). Docket No. 5.

The Court granted the application, issuing a temporary restraining order ("TRO") on February 1, 2018, including an asset freeze, appointment of a receiver, immediate access to Defendants' business premises, and other temporary relief. Docket No. 34. The TRO also ordered Defendants to appear on February 15, 2018 and show cause why a preliminary injunction should not issue against them. The parties stipulated to a continuance of the show cause hearing and the court granted that request, extending the TRO and continuing the hearing to March 5, 2018. Docket No. 61. At the close of the hearing on March 6, 2018, the Court entered a preliminary injunction against Settling Defendant for the duration of this litigation. Docket No. 108. The Court later reduced the order to writing. Docket No. 111. The Commission and Settling Defendant now stipulates to the entry of this Stipulated Order for Permanent Injunction and Monetary Judgment ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, The Application for Settlement Approval of Stipulated Order for Permanent Injunction and Monetary Judgment is GRANTED.

IS ORDERED as follows:

### FINDINGS

A. This Court has jurisdiction over this matter.

B. The Complaint charges that Settling Defendant participated in deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45.

C. Settling Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Settling Defendant admits the facts necessary to establish jurisdiction.

D. Settling Defendant waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

E. Settling Defendant and the Commission waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A. "**Acquirer**" or "**Acquiring Bank**" means a business organization, Financial Institution, or an agent of a business organization or Financial Institution that has authority from an organization that operates or licenses a credit card system (e.g., Visa, MasterCard, American Express or Discover) to authorize Merchants to accept, transmit, or process payment by credit card through the credit card system for money, products, or anything else of value.

B. "**Business Coaching Program**" means any program, plan, or product, including those related to work-at-home-opportunities, that is represented, expressly or by implication, to train or teach a participant or purchaser how to establish a business or earn money or other consideration through a business or other activity.

C. "**Corporate Defendants**" means Digital Altitude LLC; Digital Altitude Limited; Aspire Processing LLC; Aspire Processing Limited; Aspire Ventures Ltd; Disc Enterprises Inc.; RISE Systems & Enterprise LLC (Utah); RISE Systems & Enterprise LLC (Nevada); Soar International Limited Liability Company; The Upside, LLC; Thermography for Life, LLC, d/b/a Living

Exceptionally, Inc., and each of their subsidiaries, affiliates, successors, and assigns.

D. **"Credit Card Laundering"** means: (a) presenting or depositing into, or causing or allowing another to present or deposit into, the credit card system for payment, a Credit Card Sales Draft generated by a transaction that is not the result of a credit card transaction between the cardholder and the Merchant; (b) employing, soliciting, or otherwise causing or allowing a Merchant, or an employee, representative, or agent of a Merchant, to present to or deposit into the credit card system for payment, a Credit Card Sales Draft generated by a transaction that is not the result of a credit card transaction between the cardholder and the Merchant; or (c) obtaining access to the credit card system through the use of a business relationship or an affiliation with a Merchant, when such access is not authorized by the Merchant Account agreement or the applicable credit card system.

E. **"Credit Card Sales Draft"** means any record or evidence of a credit card transaction.

F. **"Defendant(s)"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

G. **"Financial Institution"** means any institution the business of which is engaging in financial activities as described in section 4(k) of the Bank Holding Company Act of 1956 (12 U.S.C. § 1843(k)). An institution that is significantly engaged in financial activities is a Financial Institution.

H. **"Individual Defendant(s)"** means Michael Force, Mary Dee, Morgan Johnson, Alan Moore, and Sean Brown.

I. **"Investment Opportunity"** means anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, profit, or appreciation.

J. "**Merchant**" means (a) any Person or entity engaged in the sale or marketing of any goods or services, or soliciting a charitable contribution, or (b) any Person or entity who applies for or obtains Payment Processing services.

K. "**Merchant Account**" means any account with an Acquiring Bank or other Financial Institution, service provider, payment processor, independent sales organization, or other entity that enables an individual, a business, or other organization to accept payments of any kind.

L. "**Non-Settling Defendants**" means Digital Altitude LLC; Digital Altitude Limited; Aspire Processing LLC; Aspire Processing Limited; Aspire Ventures Ltd;  Disc Enterprises Inc.; RISE Systems & Enterprise LLC (Utah); RISE Systems & Enterprise LLC (Nevada); Soar International Limited Liability Company; Thermography for Life, LLC, also d/b/a Living Exceptionally, Inc., and The Upside, LLC; and each of their subsidiaries, affiliates, successors, and assigns, as well as Mary Dee, Sean Brown, Alan Moore, and Morgan Johnson.

M. "**Payment Processing**" means providing a Person, directly or indirectly, with the means used to charge or debit accounts through the use of any payment method or mechanism, including, but not limited to, remotely created payment orders, remotely created checks, ACH debits, or debit, credit, prepaid, or stored value cards.  Whether accomplished through the use of software or otherwise, Payment Processing includes, among other things: (a) reviewing and approving Merchant applications for payment processing services; (b) providing the means to transmit sales transactions data from Merchants to Acquiring Banks or other Financial Institutions; (c) clearing, settling, or distributing proceeds of sales transactions from Acquiring Banks or Financial Institutions to Merchants; or (d) processing chargebacks or returned remotely created payment orders, remotely created checks, or ACH checks.

N. "**Person**" means a natural person, organization, or other legal entity, including a corporation, limited liability company, partnership, proprietorship,

association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

O. **"Receiver"** means the receiver appointed in Section IV. J of the Preliminary Injunction (Docket No. 111) and any deputy receivers that shall be named by the receiver.

P. **"Settling Defendant"** means Michael Force.

## ORDER

## I. PROHIBITIONS RELATED TO THE SALE OF BUSINESS COACHING PROGRAMS AND INVESTMENT OPPORTUNITIES

**IT IS ORDERED** that the Settling Defendant is permanently restrained and enjoined from:

A. Creating, advertising, marketing, promoting, offering for sale, or selling, or assisting others in creating, advertising, marketing, promoting, offering for sale, or selling any Business Coaching Program or any Investment Opportunity;

B. Holding, directly or through a third-Person, any ownership or other financial interest in any business entity that is creating, advertising, marketing, promoting, offering for sale, or selling, or that assists others in creating, advertising, marketing, promoting, offering for sale, or selling any Business Coaching Program, any Investment Opportunity, or any product to assist in the creation or development of a Business Coaching Program or an Investment Opportunity.

## II. PROHIBITIONS RELATED TO MERCHANT ACCOUNTS

**IT IS FURTHER ORDERED** that Settling Defendant is permanently restrained and enjoined from:

A. Credit Card Laundering;

B. Making, or assisting others in making, directly or by implication, any false or misleading statement in order to obtain Payment Processing services;

1      C.     Failing to disclose to an Acquiring Bank or other Financial Institution,
2  service provider, payment processor, independent sales organization, or other entity
3  that enables a Person to accept payments of any kind any material information
4  related to a Merchant Account including, but not limited to, the identity of any
5  owner, manager, director, or officer of the applicant for or holder of a Merchant
6  Account, and any connection between an owner, manager, director, or officer of the
7  applicant for or holder of a Merchant Account and any third person who has been
8  or is placed in a Merchant Account monitoring program, had a Merchant Account
9  terminated by a payment processor or a Financial Institution, or has been fined or
10 otherwise disciplined in connection with a Merchant Account by a payment
11 processor or a Financial Institution; and

12     D.     Engaging in any tactics to circumvent fraud and risk monitoring
13 programs established by any Financial Institution, Acquiring Bank, or the operators
14 of any payment system, including, but not limited to, tactics such as balancing or
15 distributing sales transactions among multiple Merchant Accounts or merchant
16 billing descriptors; splitting a single sales transaction into multiple smaller
17 transactions; or using a shell company to apply for a Merchant Account.

18 **III.   PROHIBITION AGAINST MISREPRESENTATIONS**
19     **IT IS FURTHER ORDERED** that Settling Defendant, his officers, agents,
20 employees, and attorneys, and all other Persons in active concert or participation
21 with any of them, who receive actual notice of this Order, whether acting directly
22 or indirectly, in connection with the advertising, marketing, promoting, or offering
23 for sale of any good or service, are permanently restrained and enjoined from
24 misrepresenting or assisting others in misrepresenting, expressly or by implication,
25 any material fact, including, but not limited to:
26     A.     Consumers who purchase Settling Defendant's goods or services will
27 earn or are likely to earn substantial income;
28

B. Consumers who purchase Settling Defendant's goods or services will receive business coaching that will provide what the consumers need to build a successful online business; and

C. Any other fact material to consumers concerning any good or service, such as: the total costs; any refund policy; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV. MONETARY JUDGMENT AND PARTIAL SUSPENSION

A. Judgment in the amount of Fifty-Four Million Dollars ($54,000,000) is entered in favor of the Commission against Settling Defendant as equitable monetary relief.

B. CitiBank, N.A., is ordered, within seven (7) days of entry of this Order, to transfer all funds (totaling approximately $36,400) held in the following accounts to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission: Account No. xxxxxxx1102, held in the name of Dalila Fazai and Michael Roy Force; Account No xxxxxxx1094, held in the name of Dalila Fazai and Michael Roy Force.

C. Wells Fargo Bank, N.A., is ordered, within seven (7) days of entry of this Order, to transfer all funds (totaling approximately $13,400) held in the following account to the Commission by electronic fund transfer in accordance with instructions provided by a representative of the Commission: Account No. xxxxxx7556, held in the name of Michael Force; Account No. xxxxxx0376, held in the name of Dalila Fazai and Michael Force.

D. Settling Defendant is ordered to fully cooperate with CitiBank, N.A., and Wells Fargo Bank, N.A., including promptly signing any Document necessary or appropriate to transfer such funds to the Commission.

E. In addition to the transfers specified above, immediately upon entry of this Order, Settling Defendant is ordered to surrender to the Commission all control, title, dominion, and interest each has to the following assets:

1. The 2018 Jeep automobile titled in the name of Michael R. Force and bearing VIN: 1C4BJWFG4JL808137;

2. The 2017 Zero motorcycle titled in the name of Michael Force and bearing VIN: 538SDBZ68HCG08207;

3. The 2017 Zero motorcycle titled in the name of Michael Force and bearing VIN: 538SMCZ6XHCG07436;

4. The 2016 Ducati motorcycle titled in the name of Michael Force and bearing VIN: ZDM13BKW5GB001169;

5. All interest the Settling Defendant has in funds in any accounts in the name of the Corporate Defendants;

6. All interest the Settling Defendant has in funds in any accounts in the name of all other Receivership Entities;

7. All cash held by the Receiver;

8. All assets owned by the Corporate Defendants and the Receivership Entities, including any real, personal, or intellectual property, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail, or other deliveries, shares or stock, securities, inventory, checks, notes, accounts, credits, receivables, insurance policies, lines of credit, cash, trusts (including asset protection trusts), lists of consumer names and reserve funds or any other accounts associated with any payments processed by, or on behalf of, any Corporate Defendants;

F. To the extent they are not already in the possession of the Receiver, Settling Defendant shall deliver the assets identified in Subsection E above to the Receiver's possession within 7 days of the entry of this Order.

1        G.    The Receiver shall, as soon as practicable, commence the sale of the
2  unliquidated assets identified in Subsection E above and surrendered pursuant to
3  this Order using a commercially reasonable procedure. The Receiver shall hold the
4  surrendered assets, and the proceeds from the sale of the unliquidated assets, for
5  future transfer in accordance with further instructions from the Court.
6        H.    Upon completion of all of the transfers listed above, the remainder of
7  the judgment is suspended, subject to Subsections I through Q, below.
8        I.    The Commission's agreement to the suspension of part of the
9  judgment is expressly premised upon the truthfulness, accuracy, and completeness
10 of Settling Defendant's sworn financial statements and related documents
11 (collectively, "financial representations") submitted to the Commission, namely:
12     1.    the Financial Statement of Michael Force signed by Settling
13 Defendant on February 16, 2018, including the attachments;
14     2.    the statement listing Settling Defendant's assets and accounts held
15 outside the United States signed by Settling Defendant on February 20, 2018;
16     3.    the additional documentation submitted via email from Settling
17 Defendant's counsel Michael Raff to Commission counsel Andrew Hudson, Jody
18 Goodman and Laura Basford dated February 20, 2018, including Settling
19 Defendant's response to the FTC's subpoena;
20     4.    the documentation submitted via secure file transfer from Settling
21 Defendant's counsel Michael Brandwein to Commission counsel Andrew Hudson
22 dated February 28, 2018, including additional financial documents from Settling
23 Defendant;
24     5.    the documentation submitted via three separate emails from Settling
25 Defendant's counsel Michael Brandwein to Commission counsel Andrew Hudson,
26 Laura Basford, and Jody Goodman dated March 21, 2018, including Settling
27 Defendant's bank statements;
28

6. the documentation submitted via secure file transfer from Settling Defendant's counsel Michael Brandwein to Commission counsel Andrew Hudson dated March 22, 2018, including Settling Defendant's bank statements and other information;

7. the documentation submitted via email from Settling Defendants' counsel Bradley Gross to Commission counsel Andrew Hudson on May 10, 2018, regarding Settling Defendant;

8. the documentation submitted via email from Settling Defendant's counsel Michael Brandwein to Commission counsel Andrew Hudson, Laura Basford, and Jody Goodman on May 16, 2018 at approximately 11:24 AM Eastern time, including information on computer equipment;

9. the documentation submitted via email from Settling Defendant's counsel Bradley Gross to Commission counsel Andrew Hudson on May 22, 2018, including responses to questions and bank statements;

10. the information submitted via email by Settling Defendant to Commission counsel Andrew Hudson, Laura Basford, and Jody Goodman on August 10, 2018 at approximately 5:04 PM Eastern time, including information regarding vehicles; and

11. the information submitted via email by Settling Defendant to Commission counsel Andrew Hudson, Laura Basford, and Jody Goodman on August 22, 2018 at approximately 3:21 PM Eastern time, including information regarding vehicles.

J. The suspension of the judgment will be lifted as to Settling Defendant if, upon motion by the Commission, the Court finds that Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

K.    If the suspension of the judgment is lifted, the judgment becomes immediately due as to Settling Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, and any payment(s) made by or on behalf of any Non-Settling Defendant to the Commission pursuant to a Final Order in this action as to such Non-Settling Defendant, plus interest computed from the date of entry of this Order.

L.    Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

M.    The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

N.    The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

O.    Settling Defendant acknowledges that his Taxpayer Identification Number (Social Security Number), which Settling Defendant previously submitted to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

P.    All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the Commission decides

that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Settling Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

Q. The asset freeze is modified to permit the transfers identified in subparts B through E of this Section. Upon completion of all such transfers, the asset freeze is dissolved as to Settling Defendant.

**V. CUSTOMER INFORMATION**

**IT IS FURTHER ORDERED** that Settling Defendant, his officers, agents, employees, and attorneys, and all other Persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are permanently restrained and enjoined from:

A. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Settling Defendant must provide it, in the form prescribed by the Commission, within 14 days; and

B. Disclosing, using, or benefitting from customer information, including the name, address, birth date, telephone number, email address, credit card number, bank account number, Social Security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with any activity that pertains to the sale of money-making opportunities and/or purported educational or coaching products or services provided online; and

   C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

   Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI. COOPERATION

**IT IS FURTHER ORDERED** that Settling Defendant must fully cooperate with representatives of the Commission in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint. Settling Defendant must provide truthful and complete information, evidence, and testimony. Settling Defendant must appear for interviews, discovery, hearings, trials, and any other proceedings that a Commission representative may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a Commission representative may designate, without the service of a subpoena.

## VII. ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Settling Defendant obtain acknowledgments of receipt of this Order:

   A. Settling Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

   B. For 20 years after entry of this Order, Settling Defendant, for any business that Settling Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate

in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Settling Defendant delivered a copy of this Order, Settling Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

**VIII. COMPLIANCE REPORTING**

**IT IS FURTHER ORDERED** that Settling Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Settling Defendant must submit a compliance report, sworn under penalty of perjury:

1. Settling Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Settling Defendant; (b) identify all of Settling Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Settling Defendant must describe if he knows or should know due to his own involvement); (d) describe in detail whether and how Settling Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2. Additionally, Settling Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which

15

Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest; and (c) describe in detail Settling Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, Settling Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Settling Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any entity that Settling Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, Settling Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Settling Defendant performs services whether as an employee or otherwise and any entity in which Settling Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Settling Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Settling Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Digital Altitude, et al. (Michael Force), No. X180021.

## IX. RECORDKEEPING

**IT IS FURTHER ORDERED** that Settling Defendant must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Settling Defendant for any business that Settling Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all goods or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. a copy of each unique advertisement or other marketing material.

## X. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring Settling Defendant's compliance with this Order, including the financial representations

1 | upon which part of the judgment was suspended, and any failure to transfer any
2 | assets as required by this Order:
3 |     A.    Within 14 days of receipt of a written request from a representative of
4 | the Commission, Settling Defendant must:  submit additional compliance reports
5 | or other requested information, which must be sworn under penalty of perjury;
6 | appear for depositions; and produce documents for inspection and copying.  The
7 | Commission is also authorized to obtain discovery, without further leave of court,
8 | using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30
9 | (including telephonic depositions), 31, 33, 34, 36, 45, and 69.
10 |     B.    For matters concerning this Order, the Commission is authorized to
11 | communicate directly with Settling Defendant.  Settling Defendant must permit
12 | representatives of the Commission to interview any employee or other person
13 | affiliated with Settling Defendant who has agreed to such an interview.  The person
14 | interviewed may have counsel present.
15 |     C.    The Commission may use all other lawful means, including posing,
16 | through its representatives as consumers, suppliers, or other individuals or entities,
17 | to Settling Defendant or any individual or entity affiliated with Settling Defendant,
18 | without the necessity of identification or prior notice.  Nothing in this Order limits
19 | the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20
20 | of the FTC Act, 15 U.S.C. §§ 49, 57b-1.
21 |     D.    Upon written request from a representative of the Commission, any
22 | consumer reporting agency must furnish consumer reports concerning Settling
23 | Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C.
24 | §1681b(a)(1).

## XI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED.

Dated: March 4, 2019

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE